UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL A. FISCHER,

    Petitioner,

v.                               Case No. 21-C-1266

CHERYL EPLETT,

    Respondent.

## DECISION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

On November 2, 2021, Petitioner Michael A. Fischer, who is currently incarcerated at Oshkosh Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Fischer was convicted in Winnebago County Circuit Court of use of a computer to facilitate a child sex crime, in violation of Wis. Stat. § 948.075(1r), and possession of child pornography, in violation of Wis. Stat. § 948.12. He was sentenced to six years of initial confinement and five years of extended supervision for count one and four years of initial confinement and four years of extended supervision for count two, to be served consecutively to count one. In all, he was sentenced to ten years of initial confinement and nine years of extended supervision. On screening, the Court allowed Fischer to proceed with all eight grounds asserted in his petition: four claims of ineffective assistance of trial counsel and four claims of ineffective assistance of appellate counsel. Before the Court is Respondent's motion to dismiss. Dkt. No. 16. For the following reasons, the motion will be granted.

## BACKGROUND

On June 14, 2014, Fischer entered no contest pleas to the charges listed above. Dkt. No. 2-1 at 123. Following the entry of Fischer's pleas and his sentencing, Fischer's attorney filed a no-merit report in the Wisconsin Court of Appeals, *id.* at 2–14, to which Fischer filed a *pro se* response. *Id.* at 58–67. The court of appeals accepted the no-merit report, affirmed the circuit court's judgment, and discharged Fischer's appellate counsel of the obligation to represent him further in the appeal.[1] *Id.* at 135. Fischer's counsel filed a no-merit petition with the Wisconsin Supreme Court, *id.* at 112–15, which the court denied as untimely. Dkt. No. 9 at 3. Fischer did not file a petition for writ of certiorari with the United States Supreme Court. Dkt. No. 1 at 3.

Fischer, proceeding *pro se*, then filed a postconviction motion in the circuit court pursuant to Wis. Stat. § 974.06. Dkt. No. 2-1 at 137–66. His motion presented claims for ineffective assistance of counsel, a claim regarding an invalid plea colloquy, and Fourth Amendment claims alleging that certain evidence had been obtained in violation of his constitutional rights. *Id.* The circuit court summarily denied the motion, and Fischer did not appeal the decision. *Id.* at 167, 320. Fischer then filed a second motion pursuant to § 974.06, in which he sought to withdraw his plea based on allegations of ineffective assistance of trial counsel and various constitutional violations. *Id.* at 169–88. The circuit court summarily denied Fischer's second motion and later denied Fischer's motion for reconsideration of that decision. *Id.* at 215–16. Undeterred, Fischer filed yet another motion under § 974.06, titled "Supplemental Motion to Withdraw Plea," again based on claims of ineffective assistance of counsel and an invalid plea colloquy. The circuit court again denied Fischer's motion. *Id.* at 217.

---

[1] The court of appeals did determine, however, that the judgment erroneously reflected the imposition of a DNA analysis surcharge and directed that the surcharge be vacated upon remittitur. Dkt. No. 2-1 at 135.

Although Fischer did not appeal the denial of his first motion under § 974.06, he did appeal the latter two, along with the motion for reconsideration. On appeal, the Wisconsin Court of Appeals summarily affirmed the orders of the circuit court. *Id.* at 323. The court of appeals began by noting that, absent a sufficient reason, "a defendant is procedurally barred from raising claims for relief in a subsequent Wis. Stat. § 974.06 postconviction motion that were or could have been raised in a previous postconviction motion or on direct appeal." *Id.* at 321 (citing *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 181–82, 517 N.W.2d 157 (1994)). The court of appeals went on to state that "Fischer previously filed a pro se postconviction motion, in which he either raised or could have raised the issues he now raises." *Id.* at 322. In short, the court of appeals held that all of the claims Fischer raised in his subsequent § 974.06 motions were procedurally barred because (1) those claims initially raised had been finally adjudicated in the first motion and (2) those claims that he could have raised, but did not, were procedurally barred under *Escalona-Naranjo*. *Id.* Finally, the court of appeals noted that, although ineffective assistance of counsel may be a sufficient reason to overcome *Escalona-Naranjo*'s procedural bar, Fischer was not represented by counsel when he filed his first postconviction motion, and therefore, ineffective assistance of counsel could not be the reason he failed to raise all of his claims in that motion. *Id.* The Wisconsin Supreme Court denied Fischer's petition for review. *Id.* at 272.

## ANALYSIS

Fischer's petition asserts the following grounds for relief: (1) his plea was not intelligent, knowing, and voluntary due to ineffective assistance of trial counsel; (2) trial counsel provided ineffective assistance when he failed to file a motion to suppress evidence from the search of his cell phone; (3) trial counsel provided ineffective assistance when he failed to file a motion to suppress evidence obtained from a warrant which was allegedly overbroad; and (4) trial counsel

3

provided ineffective assistance when he failed to file a motion to suppress evidence obtained from a search that allegedly exceeded the scope of the warrant. Dkt. No. 1 at 6–12. Grounds five through eight of Fischer's petition allege that his appellate counsel was ineffective for failing to challenge each of trial counsel's alleged failures. *Id.* at 13–15. Respondent asserts that each of these grounds for relief has been procedurally defaulted. The Court agrees.

To the extent any of the claims in Fischer's first § 974.06 motion align with the claims contained in his federal petition, and it appears doubtful that any do, those claims have been procedurally defaulted by virtue of Fischer's failure to appeal the denial of that motion. Where a "habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed, the petitioner has procedurally defaulted on that claim." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004) (internal citations omitted). In his first § 974.06 motion, Fischer raised claims of ineffective assistance of counsel, an invalid plea colloquy, and an invalid search warrant. Dkt. No. 2-1 at 140–41, 160. After the circuit court denied the motion, Fischer, for whatever reason, chose not to appeal that decision.

This means that any claims contained in Fischer's first § 974.06 motion are unexhausted and, because the time to seek further review of the circuit court's denial has passed, procedurally defaulted. *Perruquet*, 390 F.3d at 514. Procedural default may be overcome by a showing of cause for the default and prejudice resulting therefrom, *see id.*, but Fischer has not hinted at any cause for his failure to appeal in his filings with the Court. To establish cause, "a petitioner must ordinarily show that some external impediment blocked him from asserting his federal claim in state court." *Id.* at 514–15. Ineffective assistance of counsel cannot provide the cause required because Fischer proceeded *pro se* throughout the resolution of his first § 974.06 motion. Nor could

4

any reason within Fischer's control provide the cause required; the impediment must be *external*—completely out of Fischer's control. *Id.* On the record before the Court, there is no indication that such an external impediment exists.

More importantly, however, it was in Fischer's *second* § 974.06 motion that he presented his relevant federal claims to the state courts. In that motion, Fischer asserted that his trial attorneys were ineffective by (1) failing to object to the criminal complaint as lacking a factual basis; (2) failing to preserve a record; (3) failing to object to the search warrant as overbroad; and (4) failing to object to the search that allegedly exceeded the scope of the warrant. Dkt. No. 2-1 at 184. These claims track grounds one through four of Fischer's federal habeas petition. *See* Dkt. No. 1 at 6–12. But after the circuit court denied Fischer's second motion, the Wisconsin Court of Appeals affirmed, relying on *Escalona-Naranjo* to do so. Dkt. No. 2-1 at 322–23. Under *Escalona-Naranjo*, absent a sufficient reason, "a defendant is procedurally barred from raising claims for relief in a subsequent Wis. Stat. § 974.06 postconviction motion that were or could have been raised in a previous postconviction motion or on direct appeal." *Id.* at 321; *see also Escalona-Naranjo*, 185 Wis. 2d at 181 ("[I]f the defendant's grounds for relief have been finally adjudicated, waived or not raised in a prior postconviction motion, they may not become the basis for a [§] 974.06 motion.").

The court of appeals noted that Fischer had previously filed a § 974.06 motion in which he either raised, or could have raised, the claims contained in his second motion. Dkt. No. 2-1 at 322. It further stated that ineffective assistance of appellate counsel could not provide a sufficient reason to excuse the procedural bar because Fischer proceeded *pro se* in his initial motion. *Id.* The Wisconsin Court of Appeals' analysis on this issue squarely resolves grounds one through four of Fischer's federal petition. A claim is procedurally defaulted, and thus barred from federal review,

5

"if the last state court that rendered judgment clearly and expressly states that its judgment rests on a state procedural bar." *Lee v. Foster*, 750 F.3d 687, 693 (7th Cir. 2014) (internal quotation marks and citations omitted). Accordingly, the Court "will not entertain questions of federal law in a habeas petition when the state procedural ground relied upon in the state court is independent of the federal question and adequate to support the judgment." *Id.* (internal quotation marks and citations omitted).

There is no doubt that the Wisconsin Court of Appeals' reliance on *Escalona-Naranjo* was both independent and adequate. In terms of independence, the court of appeals explicitly relied on *Escalona-Naranjo* in affirming the circuit court's decision. Dkt. No. 2-1 at 322–23. And with respect to adequacy, the Seventh Circuit has recently reaffirmed that *Escalona-Naranjo* is a firmly established and regularly followed rule of Wisconsin postconviction procedure. *See Garcia v. Cromwell*, 28 F.4th 764, 775 (7th Cir. 2022). Therefore, the claims contained in Fischer's second § 974.06 motion have been procedurally defaulted, and for the reasons discussed above, there is no conceivable external impediment that may have prevented Fischer from complying with *Escalona-Naranjo*'s requirement—he was more than capable of presenting all of his claims for relief in his initial § 974.06 motion. Therefore, ground one through four of Fischer's petition must be dismissed.

As to grounds five through eight of Fischer's petition, those claims for relief assert that Fischer's appellate counsel was ineffective when he failed to challenge the decisions of Fischer's trial counsel. Dkt. No. 1 at 13–15. As far as the Court can tell, these claims were never presented to the state courts. Fischer's first motion briefly mentions his appellate attorney providing ineffective assistance of counsel but not with respect to the issues Fischer identified in his federal petition. Dkt. No. 2-1 at 140–41. In the portion of Fischer's second motion that discusses

6

ineffective assistance of counsel, Fischer never mentions his appellate counsel. *See id.* at 183–88. Therefore, it appears that grounds five through eight of Fischer's petition are unexhausted. Of course, it is too late to raise them in state court because any such motion would again be barred by *Escalona-Naranjo*. This leaves Fischer's ineffective assistance of appellate counsel claims procedurally defaulted. *Perruquet*, 390 F.3d at 514. And again, as mentioned above, Fischer cannot demonstrate any external impediment that would have prevented him from raising these claims in his initial § 974.06 motion. Therefore, grounds five through eight of Fischer's petition must be dismissed.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss (Dkt. No. 16) is **GRANTED**. All of the claims contained in Fischer's petition are procedurally defaulted. Furthermore, Fischer's motion for an extension of time (Dkt. No. 25) is **DENIED**. The Clerk is directed to enter judgment dismissing the case. A certificate of appealability will be **DENIED**. I do not believe that reasonable jurists would find that Fischer has made a substantial showing of the denial of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Fischer is advised that the judgment entered by the Clerk is final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. In the event Fischer decides to appeal, he should also request that the court of appeals issue a certificate of appealability.

**SO ORDERED** at Green Bay, Wisconsin this 11th day of May, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge