UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL A. FISCHER,

    Petitioner,

    v.                                                             Case No. 21-C-1266

CHERYL EPLETT,

    Respondent.

## DECISION AND ORDER DENYING MOTION TO VACATE JUDGMENT

On November 2, 2021, Petitioner Michael A. Fischer, who is currently incarcerated at Oshkosh Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Fischer was convicted in Winnebago County Circuit Court of use of a computer to facilitate a child sex crime, in violation of Wis. Stat. § 948.075(1r), and possession of child pornography, in violation of Wis. Stat. § 948.12. On February 14, 2022, Respondent filed a motion to dismiss, arguing that each claim contained in Fischer's petition was procedurally barred. Dkt. No. 16. On March 21, 2022, Fischer moved for an extension of time to respond to the motion, Dkt. No. 18, and the Court granted his motion over the objection of Respondent. Dkt. No. 22. On April 22, 2022, Fischer moved for another extension of time to file his response. Dkt. No. 25. However, on May 12, 2022, the Court denied Fischer's motion for an extension of time and granted Respondent's motion to dismiss, concluding that all of the claims contained in Fischer's petition were procedurally barred. Dkt. No. 27. Before the Court is Fischer's motion to vacate the Court's judgment. For the following reasons, the motion will be denied.

Under Federal Rule of Civil Procedure 59(e), a court may amend its judgment "only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (internal citation omitted). A "manifest error of law" is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citation and quotation marks omitted). Fischer does not argue that the Court committed a manifest error of law in deciding the merits of Respondent's motion to dismiss. Instead, he asserts that the Court committed a manifest error of law when it denied his motion for an extension of time. Dkt. No. 29 at 1–3. He argues that the Court's denial of his motion for an extension of time "unconstitutionally denied and/or obstructed Fischer's access to this Court." Dkt. No. 29 at 3.

As an initial matter, Federal Rule of Civil Procedure 6(b)(1) provides that, "[w]hen an act may or must be done within a specified time, the court *may*, for good cause, extend the time." Fed. R. Civ. P. 6(b)(1) (emphasis added). The rule does not provide that the Court *must* grant an extension whenever one is requested; instead, it gives the Court wide discretion to determine whether an extension of time is appropriate. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 883 (7th Cir. 2012) ("Federal Rule of Civil Procedure 6(b) gives courts discretion . . . to grant extensions of time."). Here, the Court utilized its discretion in determining that an extension of time was not warranted. Fischer was given 73 days to respond to a motion to dismiss that was based solely on the issue of procedural default. Even considering the fact that Fischer was limited to, at a minimum, five forty-five minute periods in the law library per week, this still left Fischer with a considerable amount of time to draft and file a response to Respondent's motion to dismiss.

Fischer's argument that he was denied access to the courts is to no avail. There is no doubt that Fischer has a constitutional right to access the courts. *See, e.g.*, *Lewis v. Casey*, 518 U.S. 343

2

(1996). But that right "is not unlimited; 'meaningful access to the courts is the touchstone.'" *Martin v. Jackson*, 21 F. App'x 443, 445 (7th Cir. 2001) (quoting *Casey*, 518 U.S. at 350). "Meaningful access requires that prisoners have a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Id.* (internal quotation marks and citation omitted). The Court's denial of Fischer's motion for an extension of time did not deprive him of meaningful access to the courts. Indeed, Fischer filed a petition for writ of habeas corpus, which the Court screened and allowed him to proceed on all claims. Dkt. Nos. 1 & 13. After Respondent filed a motion to dismiss, the Court granted Fischer an extension of time in which to file his response, giving him a total of 73 days to do so. Dkt. Nos. 18 & 22. In short, Fischer was given more than a "reasonably adequate opportunity" to present his claimed violations of his fundamental constitutional rights. *Jackson*, 21 F. App'x at 445. The fact that the Court denied Fischer's second motion for an extension of time does not automatically render his access to the courts constitutionally deficient. Therefore, the Court concludes that it did not commit a manifest error of law when it denied Fischer's motion for an extension of time.

**IT IS THEREFORE ORDERED** that Fischer's motion to vacate the Court's judgment and for an extension of time for leave to file a response (Dkt. No. 29) is **DENIED**.

Dated at Green Bay, Wisconsin this 2nd day of June, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge